# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

BENJAMIN WILLIAM FAWLEY,

    Plaintiff,

  v.                                                                       No. CV 11-0061 BB/CEG

DIRECTOR, NEW MEXICO DEPARTMENT
OF CORRECTIONS, JOE WILLIAMS;
WARDEN, CENTRAL NEW MEXICO
CORRECTIONAL FACILITY, ANTHONY ROMERO;
C.N.M.C.F. PRISON STAFF IN CHARGE OF
LEGAL ACCESS, JAI R. WALTON;
DIRECTOR, VIRGINIA DEPARTMENT
OF CORRECTIONS, GENE M. JOHNSON;

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Also before the Court are Plaintiff's motions to file irregular documents (Doc. 8, 10, 13), to show cause (Doc. 9), to produce materials and services (Docs. 11, 17), to consolidate (Doc. 14), and to serve documents through the Court's CM/ECF system (Doc. 18). Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be

futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff is a Virginia convict currently incarcerated in New Mexico.  The complaint names Defendants in both Virginia and New Mexico.  Plaintiff alleges that the New Mexico Defendants have denied him access to legal materials and prevented photocopying of documents needed for his pending litigation in Virginia.  The complaint asserts that Defendants' actions have denied Plaintiff access to the courts, in violation of a number of his constitutional protections.  He asks for injunctive relief and damages.

No relief is available on Plaintiff's claims against Defendant Gene M. Johnson, who is identified as the Director of the Virginia Department Of Corrections.  To succeed on a complaint under § 1983, a plaintiff must allege some personal involvement by a defendant in the constitutional violation.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of others.  *See id.*  The complaint makes no allegation that Defendant Johnson had direct involvement in the alleged deprivations at the prison in New Mexico or that he "create[d], promulgate[d], implement[ed], or in some other way possesse[d] responsibility for the continued operation of a policy," *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), that may have violated Plaintiff's rights.  The Court will dismiss Plaintiff's claims against Defendant Johnson.

The relief sought in several of Plaintiff's motions (Docs. 8, 10, 13, 18) does not require leave of the Court. These motions will be denied as moot. Plaintiff has paid the filing fee, and thus his motion/response (Doc. 9) is also moot and will be denied. The motions to produce materials and services (Docs. 11, 17) will be denied without prejudice pending consideration of Defendants' answers and a possible *Martinez* report. The motion to consolidate (Doc. 14) will be denied without prejudice pending further proceedings in cause No. CV 11-0181 LH/KBM.

And last, with respect to the remaining Defendants, according to the New Mexico Corrections Department website, http://corrections.state.nm.us/, Defendant Williams is no longer Secretary of Corrections and Defendant Romero is no longer warden at Central New Mexico Correctional Facility. Plaintiff will be allowed a reasonable time to provide an address for serving these Defendants.

IT IS THEREFORE ORDERED that Plaintiff's motions (Docs. 8, 9, 10, 13, 18) are DENIED as moot; the motions to produce materials and services (Docs. 11, 17) and to consolidate (Doc. 14) are DENIED without prejudice;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Gene M. Johnson, are DISMISSED;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint, for Defendant Walton.

_____
UNITED STATES DISTRICT JUDGE