IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BENJAMIN WILLIAM FAWLEY,

    Plaintiff,

v.                                                                                                      No. CV 11-61 BB/CG

JOE WILLIAMS, et al.,

    Defendants.

## ORDER DENYING MOTION TO APPOINT COUNSEL

**THIS MATTER** is before the Court on Plaintiff Benjamin Fawley's *Request for Assistance in Obtaining Counsel*, (Doc. 24). Plaintiff argues that the appointment of counsel is appropriate because he is untrained in the law and he has been refused access to the law library at the correctional institution where he is being held. (*Id.* at 1-2).

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). When deciding whether to request the appointment of counsel, the Court considers several factors. These include, "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Thomas v. Brockbank*, 195 F. App'x 804, 807 (10th Cir. 2006) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). In addition, "[t]he burden is on the applicant to convince the court that there is sufficient merit to his claim to

warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

Plaintiff's complaint is straightforward: he claims that officials at the Central New Mexico Correctional Facility ("CNMCF") prevented him from accessing the law library at CNMCF solely because of his status as an out-of-state prisoner from Virginia. (Doc. 1 at 4-5). He believes that this decision denied him access to the courts in violation of his rights under the First, Fifth, and Fourteenth Amendments. (Doc. 1 at 7). The legal issues raised in the complaint are not complex and, considering that Plaintiff's complaint is cogent and well-written, it does not appear that he is incapable of presenting his claims on his own. Moreover, at this early stage of the litigation, the Court is without sufficient information to judge the merits of Plaintiff's claims. Accordingly, the Court finds that Plaintiff has not met his burden, and the motion will be denied without prejudice at this time.

**IT IS THEREFORE ORDERED** that Plaintiff's *Request for Assistance in Obtaining Counsel*, (Doc. 24), be **DENIED WITHOUT PREJUDICE**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE