**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

BENJAMIN WILLIAM FAWLEY,

    Plaintiff,

v.                                                                                        No. CV 11-61 BB/CG

JOE WILLIAMS, et al.,

    Defendants.

## ORDER FOR MARTINEZ REPORT

Plaintiff Bejanmin Fawley has filed a lawsuit under 42 U.S.C. § 1983 against multiple defendants. (Doc. 1). The matter now comes before the Court, *sua sponte*, for an Order directing the Defendants to prepare a *Martinez* report.

Plaintiff was incarcerated at the Powhatan Detention Center in the Commonwealth of Virginia until he was transferred to the Central New Mexico Correctional Facility ("CNMCF") on February 2, 2009. (Doc. 1 at 2-3).[1] Plaintiff complains that officials at the New Mexico Corrections Department and at CNMCF refused to provide him with access to legal materials while he was incarcerated at CNMCF. (*Id.* at 4). He claims he had "zero access" to "rules of procedure of law . . . case law or legal authority . . . [or] to a person trained in the law." (*Id.*). He contends that the New Mexico Defendants denied him access to legal materials simply because he was an out-of-state prisoner. (*Id.* at 4-5). Plaintiff claims that this denial amounts to a constitutional deprivation of his right to access the courts. (*Id.* at 6-7).

---

[1] Plaintiff was incarcerated at CNMCF from February 2, 2009, until May 12, 2009. (Doc. 1 at 2). Plaintiff is currently incarcerated at the Lea County Correctional Facility. (*Id.*).

The complaint states that this discrimination prejudiced Plaintiff's ability to meaningfully pursue two cases that were ongoing in Virginia at the time of his transfer. (*Id.* at 4-6). First, he was pursuing a state habeas petition before the Virginia Supreme Court. (*Id.* at 4). The Virginia Supreme Court had denied his habeas petition on January 14, 2009, mere weeks before his transfer to New Mexico. (*Id.*). Plaintiff's motion for rehearing was due no later than February 14, 2009. *See* Rule 5:20(b) of the RULES OF THE SUPREME COURT OF VIRGINIA (stating that petitions for rehearing for a writ of habeas corpus must be filed within thirty days of the Supreme Court's decision). Plaintiff claims that his lack of access to legal materials at CNMCF prevented him from filing his motion for rehearing in a timely fashion. (Doc. 1 at 5-6).

Second, he was pursuing a civil rights complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Western District of Virginia. (*Id.* at 5). Prior to his transfer, he was ordered to provide copies of the grievances he had filed while incarcerated in Virginia. (*Id.* at 5). Plaintiff claims he was unable to comply with the order because "[New Mexico] prison officials refused me any and all legal access . . . denying photocopying services and law library access . . ." (*Id.*).

The purpose of a *Martinez* report is to "develop a record sufficient to ascertain whether there are any factual or legal bases for the prisoner's claims." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th. Cir. 1991) (citing *Martinez v. Aaron*, 570 F.2d 317, 318-19 (10th Cir. 1978)). This Court may order a defendant to investigate the incident or incidents underlying a lawsuit and to submit a report in order to develop a factual or legal basis for determining whether Plaintiff has a meritorious claim. *See, e.g.*, *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987). A *Martinez* report may be used in a variety of contexts, including motions

for summary judgment or a *sua ponte* entry of summary judgment. When a *Martinez* report is used for summary judgment purposes, the *pro se* Plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set out in the report. *Hall*, 935 F.2d at 1109.

Wherefore, to assist the Court in evaluating Plaintiff's claims in this matter,

**IT IS HEREBY ORDERED THAT:**

1. Defendant shall prepare a *Martinez* report addressing the claims raised in Plaintiff's *Civil Rights Complaint*, (Doc. 1), by:

a. Setting forth the facts needed to resolve the claims including, but not limited to: the names of any persons who dealt directly with Plaintiff's requests for access to legal research materials or assistance, or who witnessed or made decisions with regard to such requests; whether any records or documents exist pertaining to those requests and, if so, a description of those records and documents and their contents; and whether any contracts, policies, procedures, protocols, laws, or regulations address prisoner access to the courts and, if so, a description of those contracts, policies, procedures, protocols, laws, or regulations and their contents.

b. Providing copies of all records and documents pertaining to Plaintiff's requests for legal research access and assistance or matters referred to in the foregoing sub-paragraph a. Such records shall include, but are not limited to all procedures put in place by Defendant to insure prisoners have access to legal research materials and are assisted in preparing and filing out of state legal papers.

c. Providing affidavits in support of the report, if necessary; and

    d. Providing a copy of the administrative grievance procedure for inmate complaints about legal research and assistance that was in effect during the relevant time period in Plaintiff's Complaint and copies of all records and documents pertaining to Plaintiff's exhaustion of prison administrative remedies with respect to his claims.

  2. The records and documents submitted with the report may be submitted simultaneously with the report, but the submission of documents alone, or documents submitted with an index but without an accompanying report, shall not be considered in compliance with this Order.

  3. All records and documents submitted with the report must be submitted with an index. The index must identify each record and document submitted by number, and each record and document must be marked with a tab or label showing its number. Additionally, the report and each record and document submitted with the report must have its pages numbered using Bates stamps, or a similar numbering system.

  4. A complete copy of the report must be provided to chambers, in addition to the copies that are filed with the Court and served on Plaintiff.

  5. Defendant shall file the *Martinez* report on or before January 18, 2012.

  6. Plaintiff shall file and serve his response to the *Martinez* report on or before February 13, 2012.

  7. Defendant shall file and serve his reply, if any, to Plaintiff's responses on or before March 1, 2012.

  **THE PARTIES ARE HEREBY GIVEN NOTICE** that the *Martinez* report may be used in deciding whether to grant summary judgment on Plaintiff's claims, whether by motion or

*sua ponte*; as such, the parties should submit whatever materials they consider relevant to Plaintiff's claims.  *See Hall*, 935 F.2d at 1106.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE